UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| JOSEPH BOOKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 12-198-JMH |
| ) | |
| v. ) | |
| ) | |
| MARC HOLBROOK, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*\*      \*\*\*\*      \*\*\*\*      \*\*\*\*

Joseph Booker is a prisoner confined at the United States Penitentiary in Tucson, Arizona. Proceeding without an attorney, Booker filed a civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] The Court has granted his motion to pay the filing fee in installments pursuant to 28 U.S.C. § 1915 by prior order. [R. 12] Having reviewed the complaint, the Court must dismiss it because Booker's claims are barred by the applicable statute of limitations.

The Court conducts a preliminary review of Booker's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Booker's complaint under a more lenient standard because

he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his original and amended complaint, Booker alleges that Marc Holbrook, a doctor at the Federal Medical Center in Lexington, Kentucky, failed to properly treat swelling in his right foot, and that subsequent x-rays indicated that he had broken three toes and suffered from a condition he refers to as "charcoal foot." [R. 1, pp. 3-4; R. 13, pp. 2-3] Booker further suggests that Clinical Director Dr. Michael Growse was somehow involved in decisions regarding his medical care, but makes no allegations with respect to such involvement. Booker also alleges that he complained regarding his medical care to Warden Deborah Hickey, but that she simply referred him back to his treating physician. [R. 13, p.2]

Booker indicates that he filed a formal grievance to the warden regarding his medical care on August 1, 2010, but that he never received a response. He does not indicate whether he took any further steps to exhaust his administrative remedies. [R. 13, p. 4] Booker filed his complaint in this action on June 11, 2012. [R. 1]

The Court must dismiss Booker's claims with prejudice because he failed to file suit within the time permitted by the applicable

statute of limitations, and they are therefore time barred. Because the remedy afforded in a *Bivens* action is entirely judge-made, there is no statutory limitations period. Instead, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The medical care about which Booker now complains occurred at some point before he filed his grievance with Warden Hickey on August 1, 2010. Because these events occurred in Lexington, Kentucky, its one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). While Booker alleges that the warden never responded to his grievance, he was required either to treat that silence after thirty days as a *de facto* denial of his grievance and appeal it to the Mid-Atlantic Regional Office to continue the administrative review process, *see* 28 C.F.R. §§ 542.15, 542.18, or to file suit. Even affording Booker ninety days after he filed his grievance with the warden, he was required to file suit on or about November 1, 2011. Because he did not file suit until June 11, 2012, his claims are time-barred, and must be dismissed. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

    Accordingly, **IT IS ORDERED** that:

    1.  Booker's complaint and amended complaint [R. 1, 13] are **DISMISSED WITH PREJUDICE**.

2.    The Court will enter an appropriate Judgment.

3.    This matter is **STRICKEN** from the active docket.

This the 11th day of February, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge