UNITED STATES DISTRICT COURT
EASTERN DIVISION OF KENTUCKY
**CENTRAL DIVISION AT LEXINGTON**

JOSEPH BOOKER, )
 )
    Plaintiff-Appellant, )
v. ) Civil Case No.
 ) 5:12-cv-198-JMH
MARC HOLBROOK, et. al., )
 ) **MEMORANDUM OPINION & ORDER**
    Defendants. )
 )

\*\*\*

Plaintiff-Appellant Joseph Booker has filed a notice of appeal [D.E. 32] from this court's order dismissing his complaint and amended complaint with prejudice [D.E. 29] on the grounds that his complaint was filed outside of the applicable statute of limitations. Booker has also filed a motion to proceed *in forma pauperis* on appeal and has submitted supporting financial documentation. [D.E. 36]. For the reasons set forth below, the court will certify Booker's appeal as frivolous and deny his motion to proceed *in forma pauperis* on appeal.

### BACKGROUND

Joseph Booker is a prisoner currently confined at the United States Penitentiary in Tucson, Arizona. Pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), Booker filed a civil rights action in this

court on June 11, 2012. [D.E. 1]. Specifically, Booker alleged that Defendant Marc Holbrook, a doctor at the Federal Medical Center in Lexington, Kentucky, failed to properly treat swelling in his foot even though subsequent x-rays indicated that three of his toes were broken. [R. 1, 3—4]. Booker claims that he filed a formal grievance to the warden regarding this medical care on August 1, 2010. [D.E. 13 at 4].

The court initially granted his motion to proceed *in forma pauperis* in his district court action. [D.E. 12]. Afterwards, the court conducted a preliminary review of his complaint under the authority provided in 28 U.S.C. § 1915(e)(2). Because it was determined that Booker's claims were barred by Kentucky's one-year statute of limitations, his claims were dismissed with prejudice. [D.E. 29]. Booker appeals this dismissal, and now seeks to proceed *in forma pauperis* on appeal.

## DISCUSSION

Federal Rule of Appellate Procedure 24(a)(3)(A) provides that an appeal may not be taken *in forma pauperis* if the district court (a) certifies in writing that the appeal is not taken in good faith, and (b) states its reasons for the certification. Fed. R. App. P. 24(a)(3)(A); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th

2

Cir. 1999). The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous, defined in this circuit as lacking "an arguable basis either in law or fact." *Id.*; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

In the order from which Booker appeals, the court observed that Booker's alleged injury occurred on some date prior to August 1, 2010, since Booker claims that he filed his first grievance for his alleged injuries on this date. [D.E. 33; D.E. 13 at 4]. Because Booker's alleged injury occurred in Kentucky, Kentucky's one year statute of limitations for personal injury lawsuits applies to his claim. *See* Ky. Rev. Stat. Ann. § 413.140(1)(a). Thus, because Booker did not file his claim until June 11, 2012, it is barred by the statute of limitations. [D.E. 1]; *see Dellis*, 257 F.3d at 511 ("Upon review, we conclude that the district court properly dismissed as frivolous Plaintiff's claims arising out of his incarceration at HCCF inasmuch as any claim is barred by the applicable statute of limitations."). Therefore, because Booker's appeal lacks an arguable basis in law, it is objectively frivolous, and he has not filed his appeal in good faith.

**CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1) Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A), the Court **CERTIFIES** that Plaintiff-Appellant Joseph Booker's appeal, [D.E. 32], is not taken in good faith;

(2) Booker's motion to proceed *in forma pauperis* on appeal, [D.E. 36], is **DENIED**; and

(3) The Clerk of this Court shall forward a copy of this Order to the Clerk of the Sixth Circuit Court of Appeals, referencing Case No. 13-5279.

This the 10th day of May, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge